UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| KIMBERLY A. RICHARD | CIVIL ACTION NO. 2:18-cv-01257 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| LOUISIANA o/b/o DEP'T OF CHILDREN & FAMILY SERVICES | MAGISTRATE JUDGE HANNA |

## **REPORT AND RECOMMENDATION**

Before the court is a motion to dismiss (Rec. Doc. 22), which was filed pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) by the defendant, the State of Louisiana on behalf of the Louisiana Department of Children & Family Services ("the State"). The motion is opposed and has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be granted in part and denied in part.

### BACKGROUND

In her complaint, the plaintiff, Kimberly A. Richard, alleged that her employer, the State, discriminated against her on the basis of her race (African-American) and gender (female) by passing her over for promotions in favor of less

qualified Caucasian and male employees and by retaliating against her because she complained about a supervisor, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; and the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:332 *et seq.* After exhausting her discrimination claims with the EEOC and receiving a right-to-sue letter dated June 27, 2018, Ms. Richard timely filed suit against the State in this court on September 24, 2018.

The State moved to dismiss Ms. Richard's claims under Rule 12(b)(5) of the Federal Rules of Civil Procedure, asserting that it was not served in compliance with state law. The State also moved to dismiss Ms. Richard's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Ms. Richard failed to timely file her charge of discrimination with the EEOC within 300 days of many of the alleged acts of discrimination and failed to state a *prima facie* case for her Title VII claims. Ms. Richard opposed the motion, arguing that the defendant was properly served, that her charge was timely filed because the discrimination constituted a continuing violation, and that she has alleged sufficient facts in support of her claims.[1]

---

[1] Ms. Richard also asserted that the motion to dismiss was untimely because it was filed outside of the deadline for responsive pleadings. (Rec. Doc. 25 at 2-3). However, she responded to each basis for dismissal. Accordingly, this Court will not consider the timeliness of the motion.

## LAW AND ANALYSIS

**A.     Rule 12(b)(5)**

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides for dismissal of a claim if service of process is not timely made in accordance with Rule 4 of the Federal Rules of Civil Procedure or other appropriate standards. The party making service has the burden of demonstrating its validity when an objection is made.[2] The district court has broad discretion to dismiss an action for insufficient service of process.[3]

**B.     Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing a Rule 12(b)(6) motion to dismiss, the court should focus on the complaint and its attachments.[4] The court can also consider matters of which it may take judicial notice, including matters of public record.[5] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the

---

[2]     *Holly v. Met. Trans. Auth.*, 213 Fed. App'x 343, 344 (5th Cir. 2007) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

[3]     *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

[4]     *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012).

[5]     *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996), and *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007)).

plaintiff.[6] However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[7] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[8]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[9] The allegations must be sufficient "to raise a right to relief above the speculative level,"[10] and "the pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[11] "While a complaint. . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[12] If the plaintiff fails to

---

[6] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[7] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[9] *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[10] *Bell Atlantic v. Twombly,* 550 U.S. at 555.

[11] *Bell Atlantic v. Twombly,* 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[12] *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[13]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] "[D]etermining whether a complaint states a plausible claim for relief. . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[15] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[16]

### C. Service of Process

Because this action was originally filed in federal court, it is subject to federal rules for service of process.[17] Under Rule 4(j)(2) of the Federal Rules of Civil Procedure, a state or any other state-created governmental organization that is subject to suit "must be served by: (A) delivering a copy of the summons and of the

---

[13] *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[14] *Ashcroft v. Iqbal*, 556 U.S. at 678.

[15] *Ashcroft v. Iqbal*, 556 U.S. at 679.

[16] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

[17] *Rougeau v. La. Dep't of Soc. Svcs.*, No. 07-773-JJB-DLD, 2008 WL 11355054, at *2 (M.D. La. July 10, 2008).

complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Under Rule 4(m), a defendant must be served within ninety days after the complaint was filed – though the court may extend this time period for good cause shown.

The State argued that service was insufficient under La. R.S. 39:1538(D), because Ms. Richard did not serve the DCFS Office of Risk Management until January 11, 2019. That statute requires that, in actions for damages brought against the state or a state agency for the wrongful acts of an employee of the agency, process must be served on the head of the department concerned, the office of risk management, and the attorney general. But that statute does not apply to lawsuits originally filed in federal court. Further, the plaintiff properly effected service on DCFS's chief executive officer, Kim Glapion-Bertrand, on October 4, 2019.[18] Service was therefore effective under Rule 4(j)(2)(A) and timely under Rule 4(m). Therefore, it is recommended that the motion to dismiss under Rule 12(b)(5) should be denied.

**D.      Exhaustion of Remedies**

The State argued that all claims except those tied to the 2018 failure to promote should be dismissed under Title VII for failure to timely file a charge of

---

[18]      Rec. Doc. 5.

6

discrimination and dismissed under state law as prescribed. In the Fifth Circuit, failure to exhaust administrative remedies before bringing an employment discrimination suit is not a jurisdictional bar; instead, it is "a prudential prerequisite to suit."[19] Additionally, prescription provides grounds for dismissal under Rule 12(b)(6) where the untimeliness appears from the face of the complaint.[20] Accordingly, this matter is properly considered under Rule 12(b)(6).

Employees seeking relief under Title VII must exhaust their administrative remedies before filing suit by filing a charge of discrimination with the EEOC within 180 days of the alleged unlawful conduct, or within 300 days if the party initially institutes proceedings with a state or local agency with the authority to review such claims.[21] Once the EEOC issues a right-to-sue letter to the party who filed the charge, that party has ninety days to file a Title VII action in the district court.[22] "Timely filing is a prerequisite to the maintenance of a Title VII action and the failure to file within the statutory period will ordinarily operate as a bar to suit."[23]

---

[19] *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 306 (5th Cir. 2018).

[20] *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 775 n. 3 (5th Cir. 1997).

[21] *Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598 (5th Cir. 2006); 42 U.S.C. § 2000e-5(e)(1).

[22] *Price v. Choctaw Glove & Safety Co.*, 459 F.3d at 598.

[23] *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 532 (5th Cir. 1986) (internal footnotes omitted).

The LEDL requires a plaintiff to exhaust her employment discrimination claims by providing the defendant with written notice of those claims at least thirty days before filing suit.[24] A plaintiff may fulfill this requirement by filing a discrimination charge with the EEOC.[25] Claims brought under the LEDL are subject to a one-year prescriptive period.[26] Although this period may be suspended for up to six months during the pendency of administrative review, the suspension may not last longer than six months.[27] Because Ms. Richard's EEOC complaint was disposed of on the same day it was filed, the suspension lasted for only one day and any LEDL claims relating to the promotion denials in 2015 that are not part of a continuing violation have prescribed.

Ms. Richard asserted that she exhausted her claims through a charge of discrimination filed on June 27, 2018 and rejected by the EEOC on the same date. She complained of retaliation for filing a 2014 charge with the EEOC and discrimination in being passed over for promotions in April 2015, July 2015, and March 2018. Accordingly, the state maintained that her EEOC charge was untimely as to everything except the March 2018 promotion. Ms. Richard contended,

---

[24] La. R.S. 23:303(C).

[25] *Johnson v. Hosp. Corp. of Am.*, 767 F.Supp.2d 678, 700 (W.D. La. 2011).

[26] La. R.S. 23:303(D).

[27] La. R.S. 23:303(D).

however, the specific claims represent a continuing violation and that she therefore timely filed her 2018 EEOC charge with respect to each alleged act of discrimination.

Under the continuing violation doctrine, a plaintiff's hostile work environment claim is timely asserted "as long as [the] employee files her complaint while at least one act which comprises the. . . claim is still timely"[28] and the court may consider "the entire time period of the hostile environment. . . for the purposes of determining liability."[29] This doctrine, however, encompasses only the allegations that form part of the same pattern or policy of discrimination giving rise to the Title VII claim.[30] Discrete acts, on the other hand, "even if serial, are not entitled to the shelter of the continuing violation doctrine."[31] To this end, the Supreme Court specifically distinguishes "[d]iscrete acts such a termination, failure to promote, denial of transfer, or refusal to hire" and notes that these "are not

---

[28] *Hartz v. Adm'rs of Tulane Educ. Fund*, 275 F. App'x 281, 289 (5th Cir. 2008).

[29] *Heath v. Bd. of Supervisors for Southern Univ. and A. & M. College*, 850 F.3d 731, 736 (5th Cir. 2017) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002)).

[30] *Gallentine v. Housing Auth. of City of Port Arthur, Tex.*, 919 F.Supp.2d 787, 800-01 (E.D. Tex. 2013) (citing *Nat'l R.R. Pass. Corp. v. Morgan*, 536 U.S. at 117).

[31] *Doe v. United States*, 853 F.3d 792, 802 (5th Cir. 2017) (internal quotations and footnotes omitted).

actionable if time barred, even when they are related to acts alleged in timely filed charges."[32]

Even if the failure to promote occurred multiple times over a career and the unexhausted/prescribed instances relate to the timely and properly exhausted one, they are still discrete events.[33] Accordingly, exhaustion of a claim as to the last discrete event does not preserve the plaintiff's right to assert a claim regarding any previous incidents.[34]

Ms. Richard attempted to rescue her allegations by asserting a hostile work environment claim, based on general allegations of "harassment" in addition to the denials of promotions. But she did not allege any specific incident, other than the March 2018 denial of a promotion and another incident from that month in which a supervisor referred to her as "the Black Chris" at a meeting, for which her EEOC charge or state law claims would be timely.

"A hostile work environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive

---

[32] *Nat'l R.R. Pass. Corp. v. Morgan*, 536 U.S. at 113.

[33] *Cargo v. Kansas City Southern*, No. 2009 WL 3017400, at *2 (W.D. La. Sep. 16, 2009).

[34] *Cargo v. Kansas City Southern*, 2009 WL 3017400, at *2.

working environment."[35]  Unlike discrete incidents such as denials of promotion, hostile work environment claims comprise "a series of separate acts that collectively constitute one 'unlawful employment practice.'"[36]  Plaintiff's one assertion of an insulting comment during a meeting is insufficient to show a link to previous generalized allegations of "harassment" sufficient to support a hostile environment claim. Likewise, her assertion that the denial of promotions and unspecified harassment contributed to a hostile work environment is insufficient to blur the distinction between these two types of claims.  Though she may still amend and attempt to describe a timely hostile environment claim, she cannot rescue the untimely denials of promotion alleged here merely by labeling them as a different kind of Title VII claim.

Ms. Richard only properly exhausted her administrative remedies under Title VII with respect to the final failure to promote, and any claims brought on the previous incidents have prescribed under Louisiana law.  The 2015 incidents form separate claims under Title VII and the LEDL, and should be dismissed.  The state, however, made no argument relating to Ms. Richard's claims of race discrimination under 42 U.S.C. § 1981.  Such claims are subject to a four-year statute of limitations

---

[35]     *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009) (quoting *Nat'l R.R. Pass. Corp. v. Morgan*, 536 U.S. at 116).

[36]     *Nat'l R.R. Pass. Corp. v. Morgan*, 536 U.S. at 117 (citing 42 U.S.C. § 2000e-5(e)(1)).

and are not subject to Title VII's exhaustion requirements.[37]  Accordingly, the plaintiff's Section 1981 claims survive the motion to dismiss.

### E.   *Failure to State Prima Facie Case*

On a discriminatory failure to promote claim, the plaintiff establishes a *prima facie* case if she can show that (1) she is a member of a protected class; (2) she was qualified for the position sought; (3) she was not promoted; and (4) the position as filled by someone outside the protected class.[38]  On a retaliation claim, the plaintiff must allege sufficient facts to show that (1) she participated in an action protected by Title VII; (2) her employer took adverse employment action against her; and (3) a causal connection exists between the two events.[39]

The State alleged that Ms. Richard failed to plead a *prima facie* case of discrimination because, in relevant part, the 2018 promotion went to a male African-American candidate.  The State also argued that Ms. Richard's retaliation and discrimination claims fail because they are grounded on legal conclusions rather than sufficient factual allegations.

---

[37]   *Hackett v. United Parcel Service*, 736 Fed. App'x. 444, 449 (5th Cir. 2018) (citing *Johnson v. Crown Enterprises, Inc.*, 398 F.3d 339, 341 (5th Cir. 2005)).

[38]   *Stringer v. North Bolivar Consolidated School District*, 727 Fed. App'x 793, 803 (5th Cir. 2018); *Jenkins v. Louisiana Workforce Commission*, 713 Fed. App'x 242, 244-45 (5th Cir. 2017); *Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 317 (5th Cir. 2004).

[39]   *Gorman v. Verizon Wireless Texas, L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014); *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007).

As this court has recently emphasized, the fact that the defendant can show a comparator in one of the plaintiff's claimed protected classes does not defeat her claim of intersectional discrimination.[40] In other words, the fact that every position for which the plaintiff applied was filled by a male or non-black female does not defeat her claim that she was discriminated against as a black female.[41] This Court disagrees that Ms. Richard's assertions about her own qualifications are legal conclusions and finds that the discrimination claim was adequately supported by factual allegations set forth in the complaint. With regard to the retaliation claim, Ms. Richard alleged that she was denied a promotion and that her application was subjected to greater scrutiny after she filed a charge with the EEOC against a former supervisor. The State did not dispute that filing such a complaint is a protected activity, or that being denied a promotion qualifies as an adverse action. Accordingly, the motion to dismiss should be denied as to these claims.

## CONCLUSION

For the reasons stated above, IT IS RECOMMENDED that the motion to dismiss (Rec. Doc. 22), which was filed by the defendant, the State of Louisiana on

---

[40] *Redford v. KTBS, LLC*, 2016 WL 552960, at *3-4 (W.D. La. Feb. 10, 2016) (citing *Jefferies v. Harris Cnty. Cmty. Action Ass'n*, 615 F.2d 1025, 1032-34 (5th Cir. 1980)).

[41] The State asserted that Ms. Richard did not plead intersectional discrimination in connection with her Title VII claim. This Court disagrees, finding that she clearly complained of discrimination based on either her race or her gender under the discrimination counts of her complaint.

13

behalf of the Louisiana Department of Children & Family Services, should be GRANTED IN PART and DENIED IN PART.  More particularly, it is recommended (a) that the motion should be granted with regard to the Title VII discrimination and retaliation claims relating to the alleged denials of promotions in 2015, (b) that those claims should be DISMISSED WITH PREJUDICE as prescribed under the LEDL and unexhausted under Title VII, and (c) that the motion should be DENIED in all other respects.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual


findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[42]

Signed at Lafayette, Louisiana, this 3rd day of June 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[42] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).